JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-02186-JHN -MANx | Date | April 6, 2011 |
|---|---|---|---|
| Title | Federal Home Loan Mortgage Corporation v. Yvonne Munoz et al. | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | |
|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings:** ORDER REMANDING TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION (In Chambers)

On March 15, 2011, Defendants Yvonne Munoz and Ismael Antonio Sorto (collectively, "Defendants") removed this state court action to federal court. (*See* Notice of Removal ("Notice"); docket no. 1.) Having reviewed this matter, the Court hereby **REMANDS** the action to the Los Angeles County Superior Court for the reasons stated below.

### I. BACKGROUND

On December 14, 2010, Federal Home Loan Mortgage Corp. ("Plaintiff") filed an unlawful detainer action against Defendants in Los Angeles County Superior Court. (Notice, Ex. A at 1.) The Complaint alleges that Plaintiff owns and is entitled to possession of real property located at 411 1/2 East 46th St., Los Angeles, CA 90011 (the "premises"). (*Id.*) Plaintiff seeks damages of $30.00 per day from December 2, 2010, until the date that judgment for Plaintiff is entered by the court. (*Id.* at 2.) The Complaint indicates that the amount demanded does not exceed $10,000. (*Id.* at 1.) On March 15, 2011, Defendants removed the action to this Court. (Notice at 1.)

### II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and have only that power authorized by Article III of the Constitution and statutes enacted by Congress pursuant thereto. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 534 (1986); *see* U.S. Const. art. III, § 2, cl. 1. Congress has authorized a defendant to remove a civil action from state court to federal court. 28 U.S.C. § 1441. The removing party "always has the burden of establishing that removal was proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) The district court must remand any case previously removed from a state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Moreover, there is a strong presumption against removal jurisdiction; doubts as to whether the federal court has subject matter jurisdiction must be resolved in favor of remand. *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *see also Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:11-cv-02186-JHN -MANx | Date | April 6, 2011 |
|---|---|---|---|
| Title | Federal Home Loan Mortgage Corporation v. Yvonne Munoz et al. | | |

Diversity jurisdiction authorizes a federal court to hear cases between parties that are citizens of different states and where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Federal question jurisdiction authorizes a federal court to hear claims arising under the U.S. Constitution, federal law, or treaties to which the United States is a party. 28 U.S.C. § 1331. Federal question jurisdiction only extends to cases "in which a well-pleaded complaint establishes either (1) that federal law creates the cause of action or (2) that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, in that federal law is a necessary element of one of the well-pleaded . . . claims." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808 (1988) (internal citations and quotation marks omitted). Upon removal, the defendant must show that the "resolution of a federal . . . question is essential to each of [plaintiff's] alternative theories in support of any [] cause [] of action in the complaint. [I]f a single state law based theory of relief can be offered for each of the . . . causes of action in the complaint, then the exercise of removal jurisdiction was improper." *Duncan*, 76 F.3d at 1486.

### III.  DISCUSSION

Here, Defendants have failed to meet their burden of establishing the Court's jurisdiction on removal. First, Defendants have failed to allege adequately diversity jurisdiction. Because Defendants have failed to allege the citizenship of the Plaintiff, the Court cannot determine whether the parties are diverse. Moreover, the Complaint does not allege an amount in controversy exceeding $75,000. (*See* Notice, Ex. A at 1 ("Amount demanded does not exceed $10,000").) Second, Defendants have failed to allege the federal law that forms the basis for federal question jurisdiction. *See O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1379 (9th Cir. 1988) ("In determining the existence of removal jurisdiction based upon a federal question, the court must look to the complaint as of the time the removal petition was filed."). Indeed, the Complaint alleges only one cause of action: unlawful detainer, which is a state law claim. Accordingly, this case must be remanded to state court.

### IV.  CONCLUSION

For the foregoing reasons, the Court **REMANDS** the action to the Superior Court of the State of California, County of Los Angeles.

**IT IS SO ORDERED.**

|  | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |

**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-02186-JHN -MANx | Date | April 6, 2011 |
|---|---|---|---|
| Title | Federal Home Loan Mortgage Corporation v. Yvonne Munoz et al. | | |